

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| T-STAR INTERNATIONAL, INC.<br>5420 LBJ Freeway, Suite 800<br>Dallas, Texas 75240<br><br>    Plaintiff,<br><br>v.<br><br>KIRBY, a division of the Scott Fetzer<br>Company,<br>2880 Clemens Road<br>Westlake, Ohio 44145<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:07CV1003<br><br>JUDGE **JUDGE OLIVER**<br><br>MAGISTRATE<br>**MAG. JUDGE McHARGH** |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff T-Star International, Inc. ("T-Star") for its Complaint for Declaratory Judgment hereby states and alleges as follows:

### INTRODUCTION AND PARTIES

1. This is an action for declaratory judgment under 28 U.S.C. § 2201, et seq. . This action seeks to resolve a present controversy between Plaintiff T-Star and Defendant Kirby, a division of the Scott Fetzer Company, ak/a The Kirby Company ("Kirby"). The dispute between the parties is whether T-Star has tortiously interfered with an agreement (the "Agreement") between Kirby and one of its independent contractors and distributors, Pedro Santamaria ("Santamaria").

2. T-Star is located in Dallas County, Texas, is a corporation organized and operating under the laws of the state of Texas, having its principal place of business in Dallas, Texas, and is engaged in, among other things, the sale of vacuum cleaners.

3. Upon information and belief, Kirby is a division of the Scott Fetzer Company, a corporation organized and operating under the laws of the state of Delaware, having its principal place of business in Cleveland, Ohio. Kirby is believed to engage in the sale and service of vacuum cleaners.

4. Upon information and belief, Santamaria is a resident of Spain and is an independent contractor and distributor of Kirby products.

## JURISDICTION AND VENUE

5. T-Star is a citizen of Texas because that is the state in which it was incorporated and in which it has its principal place of business.

6. Kirby is a citizen of Delaware because that is the state in which it is incorporated and it is a citizen of Ohio because that is the state in which it has its principal place of business, and Kirby has continuous and systemic contacts with the Northern District of Ohio.

7. Venue is proper in this Court because Kirby's principal place of business is in Cleveland, Ohio, and the Agreement expressly states that the Agreement shall be construed under and governed by the law of the State of Ohio.

8. If the Agreement is found to be enforceable, T-Star will incur damage in an amount exceeding $75,000.

9. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1132, and 28 U.S.C. § 2201 *et seq.* because this action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. There is an actual controversy between T-Star and Kirby, which this Court is authorized to resolve by declaratory judgment under 28 U.S.C. § 2201

### RELEVANT FACTS

11. Upon information and belief, Santamaria entered into the Agreement with Kirby on January 1, 2006, a copy of which is attached hereto as Exhibit 1.

12. Kirby has alleged in correspondence directed at TriStar Enterprises LLC ("TriStar"), the parent company of T-Star, that contacts by TriStar with Santamaria constitute tortious interference with the Agreement.

13. The Agreement is invalid and unenforceable such that T-Star could not be found, as a matter of fact or law, to tortiously interfere with the Agreement.

14. The Agreement is invalid and unenforceable because numbered paragraph one (1) of the Agreement is illusory and therefore void and unenforceable, because, under its terms, Kirby retains an unlimited right to determine the nature and extent of its performance. Namely, the terms of numbered paragraph one allow Kirby to unilaterally restrict the territory in which Santamaria shall locate, recommend and thereafter service distributors of Kirby products, which, in turn, allows Kirby to unilaterally restrict its compensation of Santamaria because the compensation of Santamaria – an essential term of the relationship – is determined by the number of products Kirby ships to distributors in Santamaria's territory.

15. The Agreement is invalid and unenforceable because numbered paragraph four (4) of the Agreement is illusory and therefore void and unenforceable because, under its terms, Kirby retains an unlimited right to determine the nature and extent of its performance in that it allows Kirby to unilaterally change the price per product that it will pay Santamaria, which, in turn, allows Kirby to unilaterally restrict its compensation of Santamaria because the

3

compensation of Santamaria – an essential term of the relationship – is determined by the price per product that Kirby will pay Santamaria.

16. The Agreement is invalid and unenforceable because numbered paragraph ten (10), subpart (d), is void and unenforceable because it imposes an unreasonable non-competition covenant in that: (i) it imposes an unreasonable geographic restriction against Santamaria from working *anywhere in the world* for a one year period; (ii) it imposes an undue hardship on Santamaria because its prohibition against him working in his trade *anywhere in the world* for a one year period restricts him from making a living and also seeks to stifle his preexisting skills and experience; and (iii) it is adverse to the public interest in that it seeks to restrain ordinary, fair competition by prohibiting Santamaria from working in his trade *anywhere in the world* for a one-year period.

## COUNT ONE

## CLAIM FOR DECLARATORY JUDGMENT

17. T-Star incorporates as if fully rewritten herein the allegations contained in the preceding paragraphs in this Complaint.

18. A real and justiciable controversy now exists between Kirby and T-Star requiring that this Court declare the rights and liabilities under the Agreement.

19. T-Star is entitled to a declaration that the Agreement is illusory, void, voidable, and/or unenforceable as a matter of public policy.

20. T-Star is entitled to a declaration that its actions do not constitute tortious interference with the Agreement.

## DEMAND FOR RELIEF

WHEREFORE, T-Star demands that the Court enter judgment in favor of T-Star and against Kirby as follows:

    A.    Declaring that the Agreement between Santamaria and Kirby is, as a whole and in its entirety, void and unenforceable.

    B.    Declaring that the Non-Competition Provision of the Agreement (paragraph 10(d)) between Santamaria and Kirby is void and unenforceable.

    C.    Declaring that because the Agreement is unenforceable, T-Star cannot be found, as a matter of fact or law, to have tortiously interfered with the rights and interests of any party to the Agreement.

    D.    Granting such other and further relief, whether legal or equitable, as the Court may find appropriate, including costs, pre- and post-judgment interest, and reasonable attorneys fees.

Respectfully submitted,

*[signature]*

Laura A. Hauser (0041354)
Laura.Hauser@ThompsonHine.com
Dean C. Williams (0079785)
Dean.Williams@ThompsonHine.com
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio 44114
216.566.5660
216.566.5800 facsimile
*Attorneys for Plaintiff T-Star International, Inc.*